WASHINGTON,
March,
1842.

Johnson
v.
Rice.

---

FRANKLIN JOHNSON *v.* MARTIN C. RICE.

In an action of trespass or trover against an officer for taking the property of the plaintiff, though taken by virtue of a legal process against another, and as his property, yet, but twelve days notice is necessary.

TROVER for a quantity of rye. Plea, in abatement, that

the rye in question was taken by the defendant, as constable of Worcester, on ah execution against Martin C. Brown, and as the property of said Brown, and that the writ in this case was served on the defendant on the 4th day of December, 1841, and made returnable on the 11th day of the same December.    Demurrer to said plea, and joinder in demurrer.

This case was commenced before a justice of the peace and appealed to the county court.    The county court adjudged the defendant's plea sufficient, and that the plaintiff's writ be abated.    To which judgment the plaintiff excepted.

*O. H. Smith,* for plaintiff.

The provisions of the statute, chap. 28, sec. 10, are substantially a transcript of part of the 24th section of the act of 1797, regulating judicial proceedings, which, for more than forty years, has been construed as not extending to a case like the present.    The cotemporaneous exposition of a statute is to be regarded.    1 Swift's Dig. 13.

No case has been decided in this state extending the provisions of said section to the case of an action brought by a stranger to the process under which the officer pretended to act, and we contend that he is not bound to ascertain and take notice of the authority by which the defendant may have acted.    He may regard it as a naked trespass, and proceed accordingly.

All the cases to be found in the books are between one of the parties to the process and the sheriff, and where, by statute, it is given expressly against the sheriff.

*J. A. Vail,* for defendant.

The judgment of the court below was correct.    The case shows that the present action was brought against the defendant for his official acts as constable of the town of Worcester.

The statute is general, and was intended to include all suits brought against sheriffs, high bailiffs, or constables, for any official act in the exercise of their respective offices. Under the statute, before the revision, it was held that writs returnable before a justice of the peace were within the act. *Butler* v. *Lowry,* 3 Vt. R. 14.

The revised statute is that 'every writ issued against any

Washington,
March,
1842.

Johnson
v.
Rice

' sheriff, high bailiff, or constable, for any default, neglect or
' misconduct in their respective offices, shall be served at
' least eighteen days before the session of the court to which
' it is made returnable.'  Rev. Stat., p. 180, sec. 10.

In the case of *Butler* v. *Lowry*, Paddock, J., says, the
reason for the extra notice is that the sheriff, who is sued for
the act of his deputy, may notify the deputy to come in and
defend the suit.

A constable frequently stands in the same situation as to
a creditor that the sheriff does to his deputy, and has occa-
sion to notify the creditor to defend the suit, and no good
reason exists why the same rule should not apply in the case
of a constable that was applied in the case of *Butler* v.
*Lowry*, before cited.  In case of a mere wanton act of tres-
pass on the part of an officer, in taking the property of an-
other under color of legal process, it might deserve consid-
eration whether that would be an official act within the
statute.  But such is not the case at bar.  The case shows
it to have been for the official act of the defendant as con-
stable of the town of Worcester, and, at most, the plaintiff
can only claim that the officer was guilty of malfeasance or
misfeasance, and the word misconduct embraces both.

A sheriff is liable civilly for all acts of his deputy under
color of his office.  2 Aik. R. 302.  1 Binn. R. 240.  7
Johns. R. 35.  1 Wend. R. 16.

The opinion of the court was delivered by

Bennett, J. — The statute requires, in case of a suit
against a sheriff or other officer for any ' default, neglect, or
misconduct in their respective offices,' that there shall be at
least eighteen days notice before the session of the court to
which the writ is made returnable, and this action is treated
by the defendant, as an action of that description.

But it is to be remarked that this is the common action of
trover, and there is no pretence that the right of action arises
out of any *official* neglect or misfeasance of the defendant.
None is alleged in the declaration, and none need be proved
on trial.  The plaintiff is a stranger to the process set up in
the plea in abatement ; and it would be difficult for me to
see how he could call the officer to an account for his *official*
conduct under a process in which he had no interest.  The

defendant is sued as an ordinary *tort-feasor*, and is liable as such, provided the property turns out on trial to belong to the plaintiff, and not to Brown. The plea is insufficient, upon the ground that this is not a case requiring more than twelve days notice. The plea is obnoxious to other objections, but it is of no importance to consider them.

The judgment of the county court is reversed, and judgment that the defendant *answer over*.